# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOHN RODRIGUEZ and ZULEIKA GOMEZ,**

       **Plaintiffs,**

**v.**                                                                    **Case No:   6:17-cv-2072-Orl-40KRS**

**ABM AVIATION, INC.,**

       **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **RENEWED JOINT MOTION FOR APPROVAL OF UNPAID WAGES SETTLEMENT AND DISMISSAL OF PLAINTIFFS' ACTION *WITH PREJUDICE* (Doc. No. 23)**
>
> **FILED:**      **February 22, 2018**

**I.**    **BACKGROUND.**

Plaintiffs, John Rodriguez and Zuleika Gomez, filed a complaint against Defendant, ABM Aviation, Inc. Both Plaintiffs alleged that Defendant failed to pay them minimum wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Doc. No. 1. In addition, Gomez alleged that Defendant failed to pay her overtime wages in violation of the FLSA. *Id.* Plaintiffs alleged that they were entitled to unpaid wages and liquidated damages. *Id.*

The parties informed the Court that they had settled the case and filed a motion requesting that the Court approve the settlement in accordance with *Lynn's Food Stores, Inc. v. United States*,

679 F.2d 1350 (11th Cir. 1982). Doc. No. 18. I denied that motion without prejudice for three reasons. First, the parties submitted an unsigned agreement. Second, motion was not clear as to whether and to what extent Plaintiffs had compromised their claims. Finally, the proposed settlement agreement impermissibly allowed the parties to modify the agreement. I required that a renewed motion address these issues. Doc. No. 19.

On February 22, 2018, the parties filed a renewed motion for settlement approval (Doc. No. 23), which is supported by an amended and fully-executed settlement agreement (Doc. No. 23-1). In the motion, the parties stipulate to an order approving their settlement and dismissing this case with prejudice. The motion also clarifies the extent to which Plaintiffs are compromising their claims. Finally, the amended settlement agreement does not include language that would allow the parties to modify the agreement. The matter is now ripe for review.

## II.     APPLICABLE LAW

In *Lynn's Food*, the U.S. Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d at 1353. Under *Lynn's Food*, a court may enter an order approving a settlement only if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorneys' fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th

Cir. 2009) (per curiam).¹  If the Court finds that the payment to the attorney is not reasonable, it must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount.  *See id.* at 351–52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

### III.  ANALYSIS.

    *A.  Whether Plaintiffs Have Compromised Their Claims.*

Under the terms of the parties' amended settlement agreement, Defendant will pay Plaintiffs a total of $7,500.00, allocated as follows: (1) $1,250.00 in alleged unpaid wages to Gomez; (2) $1,250.00 in alleged liquidated damages to Gomez; (3) $450.00 in alleged unpaid wages to Rodriguez; (4) $450.00 in alleged liquidated damages to Rodriguez; and (5) $4,100.00 in attorneys' fees and costs.  Doc. No. 23-1 ¶ 2.

Plaintiffs had not yet answered the Court's FLSA Interrogatories prior to the filing of this motion.  However, the parties represent that Rodriguez estimated that he was entitled to $450.00 in unpaid wages and an equal amount in liquidated damages, for a total of $900.00.  Doc. No. 23, at 2.  Rodriguez will receive this full amount in the settlement.  Therefore, I recommend that the Court find that Rodriguez has not compromised his claim within the meaning of *Lynn's Food*.

As for Gomez, the parties represent that she estimated that she was entitled to approximately $1,530.00 in unpaid wages and an equal amount in liquidated damages, for a total of $3,060.00.  *Id.*

---

¹ Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

Because Gomez will receive less than this amount in the settlement, I recommend that the Court find she has compromised her claim within the meaning of *Lynn's Food*.

        *B.*        *Whether the Amount Is Fair and Reasonable.*

Because Gomez is compromising her claim, the Court must, under *Lynn's Food*, consider whether the settlement is fair and reasonable. As explained above, Gomez initially estimated that she was entitled to $1,530.00 in unpaid wages and an equal amount in liquidated damages, for a total of $3,060.00. In the settlement, she will receive $1,250.00 in alleged unpaid wages and $1,250.00 in alleged liquidated damages, for a total of $2,500.00. Gomez and Defendant agree that this case involves disputed issues, including whether Gomez worked off the clock, whether Defendant was on notice of Gomez's work and approved or condoned it, and the number of hours that Gomez worked. Doc. No. 23, at 7. These factual disputes explain Gomez's compromise, and the parties believe the settlement is reasonable, given the disputed issues and the complexity, expense, and length of future litigation. Accordingly, I recommend that the Court find that the amount of Gomez's compromise is reasonable. *Cf. Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

Because Rodriguez has not compromised his claim, the Court need not consider whether the amount of his settlement is fair and reasonable.

        *C.*        *Whether the Attorneys' Fees and Costs Undermine the Fairness of the Settlement Agreement.*

Because Gomez has compromised her FLSA claim, the Court must consider whether the payment to her counsel is reasonable, to ensure that the fees and costs to be paid to his counsel did not improperly influence the amount Plaintiff agreed to accept. *See Silva*, 307 F. App'x at 351. In this case, Gomez's counsel will receive $4,100.00 for representation of Gomez and her co-Plaintiff,

Rodriguez.  Doc. No. 23-1, at 2-3.  Both sides represent that this amount was negotiated separately from Plaintiffs' recovery and without regard to the amount to be paid to Plaintiffs.  Doc. No. 23, at 6.  In the absence of objection, I recommend that the Court find that the amount of attorneys' fees Gomez's counsel will receive is reasonable and does not taint the amount Gomez agreed to accept for resolution of her FLSA claim.  *See Bonetti*, 715 F. Supp. 2d at 1228 ("[T]he best way to insure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.").

Because Rodriguez did not compromise his claim, the Court need not consider whether the amount of the attorneys' fees is reasonable as to him and whether that amount taints the amount he agreed to accept for resolution of his FLSA claim.  *See Caamal v. Shelter Mortg. Co., L.L.C.*, No. 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *5 (M.D. Fla. Sept. 26, 2013).

     D.    *Whether the Scope of the Release Undermines the Fairness or Reasonableness of the Settlement Agreement.*

The Court next must consider whether Gomez's release of claims in the settlement agreement renders the agreement unreasonable.  *See generally Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427-J-37TEM, 2012 U.S. Dist. LEXIS 33929, at *17 (M.D. Fla. Mar. 14, 2012) ("Pervasive, overly broad releases have no place in settlements of most FLSA claims.").  As for Rodriguez, "[i]f judicial scrutiny confirms that the parties' settlement involves no compromise [of the employee's claim], the district court should approve the settlement and dismiss the case (if the employer has paid) or enter judgment for the employee (if the employer has not paid)." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350 (M.D. Fla. 2010) (quoting *Dees*, 706 F. Supp. 2d at 1247).  However, the undersigned is aware that some judges in the district have expressed the view that a non-cash concession by an employee, such as a confidentiality provision or a broad release clause, "affects both the 'fairness' and the 'full compensation' component of the settlement, and

thus requires (and often precludes) a fairness finding, even when all monetary compensation owed is paid in full." *Jarvis v. City Elec. Supply Co.*, No. 6:11-cv-1590-Orl-22DAB, 2012 WL 933057, at *5 (M.D. Fla. Mar. 5, 2012) (quoting *Moreno*, 729 F. Supp. 2d at 1348), *adopted by* 2012 WL 933023 (M.D. Fla. Mar. 20, 2012). It is therefore appropriate to consider whether the general release undermines the fairness of the settlement agreement as to Rodriguez's claims.

Here, the release states, "This Agreement shall constitute a waiver and release of all unpaid wage claims under the Fair Labor Standards Act (the "FLSA"), or any similar state or local law, Plaintiffs have or might have against Defendant, its parent company, affiliates, subsidiaries, employees and insurers (collectively "Releasees"). Doc. No. 23-1 ¶ 4.[2] Some Judges have found general releases to be overbroad if they are not limited only to the claims asserted in the FLSA case. *See*, *e.g.*, *Colon v. Garda CL Se., Inc.*, No. 6:14-cv-1777-Orl-37KRS, 2015 U.S. Dist. LEXIS 94775, at *3 n.1 (M.D. Fla. July 21, 2015) (finding unreasonable release of wage claims under the Florida Minimum Wage Act and the Florida Constitution when complaint raised only overtime compensation claim under the FLSA). Other Judges, including the presiding Judge in this case, have found that releases limited to wage claims generally are reasonable  *See Cooper v. Garda CL Se., Inc.*, No. 15-cv-1677-Orl-40KRS, 2015 WL 9244682, at *1 (M.D. Fla. Dec. 18, 2015) (finding reasonable a release of all claims existing prior to the execution of the settlement agreement that relate to the payment of wages and/or overtime for all hours worked, including, but not limited to, claims arising under the FLSA, the Florida Constitution and the Florida Minimum Wage Act).

---

[2] Paragraph 8 (titled "Opportunity to Review") states, "Plaintiffs acknowledge that they have had an opportunity to review this Agreement, understand the terms set forth herein and are aware that they are giving up all claims they may have against the Releasees." Doc. No. 23-1 ¶ 8. I do not consider this to be an enlargement of the release beyond the wage claims explicitly released in Paragraph 4 of the settlement agreement.

Accordingly, if the Court finds that the release is appropriately limited to wage claims, then the Court may conclude that the release does not undermine the reasonableness of the settlement.

### IV. RECOMMENDATIONS.

In light of the foregoing, I respectfully **RECOMMEND** that if the Court finds that the release does not undermine the fairness of the Settlement Agreement, the Court do the following:

2. **FIND** that the parties' FLSA Settlement Agreement (Doc. No. 23-1) is a fair and reasonable resolution of a bona fide dispute under the FLSA;

3. **GRANT** the Renewed Joint Motion for Approval of Unpaid Wages Settlement and Dismissal of Plaintiffs' Action *With Prejudice* (Doc. No. 23) without reserving jurisdiction to enforce it;

4. **PROHIBIT** counsel from withholding any portion of the amounts payable to Plaintiffs pursuant to a contingent fee agreement or otherwise;

5. **DISMISS** the case with prejudice; and

6. **DIRECT** the Clerk of Court to close the file.

Alternatively, if the Court finds that any terms of the Settlement Agreement undermine its fairness, then I recommend that the Court deny the motion (Doc. No. 23).

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on February 26, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy